IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1140-JDT-egb |
| | ) | |
| WESTERN MENTAL HEALTH INSTITUTE, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN
GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 17, 2014, Plaintiff Leonard Quinn, a resident of Memphis, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Edward G. Bryant subsequently granted leave to proceed *in forma pauperis*. (ECF No. 4.) On January 22, 2015, Magistrate Judge Bryant issued a Report and Recommendation ("R&R") in which he recommended the case be dismissed *sua sponte*. (ECF No. 5.)

Plaintiff was formerly a patient at the Western Mental Health Institute ("WMHI") after being civilly commited in November 2012 by a Tennessee state court in Shelby County. *See Quinn v. Currie, et al.*, No. 13-2988-JDT-dkv, 2014 WL 289009, at *1 (W.D. Tenn. Jan. 27, 2014) (order adopting R&R for dismissal). At some unspecified time, he was discharged

to a supervised group home in Memphis, where he was living when he filed this case. However, Plaintiff's copy of the R&R was returned as undeliverable on February 6, 2015, marked "moved." (ECF No. 6.) Therefore, his current whereabouts are unknown.

Plaintiff has sued WMHI, WMHI's Chief Executive Officer Roger Pursley, Dr. Robbin and Dr. Linder. Plaintiff alleges that Dr. Linder prescribed him a medication that he did not need and that another doctor, who is not a party, took him off of it because it was "damaging" in some way. (ECF No. 1 at 2.) Dr. Robbin also prescribed a medication that Plaintiff allegedly does not need. (ECF No. 1-2 at PageID 7.)[1] Plaintiff asserts some claims which appear to be made on behalf of other patients at WMHI. (*Id.* at PageID 8, 10-12, 14-15.)[2] He requests various injunctive relief, including to be released to his home, for WMHI to allow patients to be allowed to "make call with-in 15 min time frame," and for WMHI to "stop over medicating patient[s]." (ECF No. 1 at 3.) Plaintiff also states that he wants to be "highly compensated." (*Id.*)

Magistrate Judge Bryant has recommended the complaint be dismissed prior to service of process for failure to state a claim on which relief may be granted, noting that the injunctive relief sought is moot because Plaintiff was discharged from the WMHI. *See Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003). The Court also concludes that, to the

---

[1] The extent to which Dr. Linder and Dr. Robbin have continued to treat Plaintiff following his discharge from the WMHI is not clear from the complaint.

[2] Plaintiff alleges that two other patients at the WMHI, with whom he made friends while he was there, are not being allowed to receive his telephone calls or his letters. (*Id.* at PageID 10-12, 14.) He also asserts that other patients at the WMHI are being medicated incorrectly and unnecessarily. (*Id.* at PageID 4, 15.) As a *pro se* litigant, Plaintiff may bring claims only on his own behalf. *See* 28 U.S.C. § 1654.

2

extent Plaintiff seeks money damages, his claims regarding his medication do not rise to the level of a constitutional violation. At most, Plaintiff alleges medical malpractice. (ECF No. 1-1 at PageID 6 (noting that Linder acted unprofessionally); *id.* at PageID 8, 15.)

Having reviewed the complaint and the law, the Court agrees that this case should be dismissed. Therefore, the Court ADOPTS the R&R of the Magistrate Judge and hereby DISMISSES this case for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has

sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE